UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET LIZARI,<br><br>                Plaintiff,<br><br>     v.<br><br>CVS PHARMACY INC., a Rhode Island Corporation; MAZEN KORT, an individual; ISAAC WASSEM, an individual; and DOES 1 through 100, inclusive,<br><br>                Defendants. | CV 10-10066 SVW (AGRx)<br><br>ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT<br><br>[JS-6] |

**I.    INTRODUCTION**

    Plaintiff Janet Lizari brought an employment-related action in state court. Defendant CVS Pharmacy, Inc. ("CVS") removed the case to this Court pursuant claiming diversity under 28 U.S.C. § 1332. Defendants Mezen Kort and Isaac Wassem had not yet been served. In the Notice of Removal, CVS contends that the other defendants named by Plaintiff, Kort and Wassem, are "sham defendants" fraudulently joined to defeat diversity. CVS asserts that Plaintiff's cause of action

against Kort and Wassem for harassment in violation of the Fair Employment and Housing Act ("FEHA") cannot be supported as a matter of law. CVS claims that the following alleged wrongful conduct set forth by Plaintiff do not meet the legal definition of harassment and instead constitute "necessary personnel management actions," which do not subject Kort and Wassem to liability: (1) ignoring complaints, (2) pressuring her to drop her workers' compensation claim, (3) falsely accusing Plaintiff of selling tobacco to a minor, (4) wrongfully terminating her, and (5) replacing her with a younger employee. Thus, Defendant contends that Plaintiff has failed to assert a viable cause of action against Kort and Wassem under applicable state law, and that their joinder is a fraudulent attempt to defeat diversity jurisdiction.

**II. LEGAL STANDARD**

"This Court has the duty to consider subject matter jurisdiction sua sponte in every case, whether the issue is raised by the parties or not." See Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003). As a threshold question, the Court must determine that its exercise of diversity jurisdiction is proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194-95 (9th Cir. 1988); see also Valdez v. Allstate Ins. Co., 372 F.3d 1115 (9th Cir. 2004) (on appeal of summary judgment order, Ninth Circuit remanded to district court to determine if diversity jurisdiction was satisfied).

Here, Defendants removed the action pursuant to 28 U.S.C. § 1441(b), which permits removal under this Court's diversity jurisdiction, 28 U.S.C. § 1332. Generally, "[t]he presence of the non-

2

diverse party automatically destroys original [subject matter] jurisdiction." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998). However, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987); see also Zogbi v. Federated Dept. Store, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991). Such fraudulently joined "sham defendants" are disregarded for purposes of subject matter jurisdiction, and the Court's exercise of diversity jurisdiction is proper. See McCabe, 811 F.2d at 1339. But if the defendant is not fraudulently joined, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(c). See Hunter v. Philip Morris USA, 582 F.3d 1039, 1048 (9th Cir. 2009).

In applying the fraudulent joinder rule, it should be emphasized that the state law must be "settled" and the complaint's deficiency must be "obvious." See McCabe, 811 F.3d at 1339. These standards reflect the "general presumption against fraudulent joinder" that complements the "strong presumption against removal jurisdiction." Hunter, 582 F.3d at 1046. Federal courts "strictly construe the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Under these principles, federal courts in this circuit have applied the fraudulent joinder rule only in cases where it is

3

undisputably clear (or "obvious," in the language in McCabe) that the plaintiff states no cause of action against the non-diverse defendant. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067-68 (9th Cir. 2001) (affirming finding of fraudulent joinder in negligent misrepresentation action where non-diverse defendant's alleged misrepresentation was "devoid of any meaningful specificity," plaintiffs' past actions established that they "could not have reasonably relied upon such statement in any event," and one plaintiff's own affidavit "specifically denied that she ever discussed" the alleged matters with the defendant); Kruso v. International Telephone & Telegraph Co., 872 F.2d 1416, 1427 (9th Cir. 1989) (affirming finding of fraudulent joinder where "none of the plaintiffs were personally involved in any of the transactions in question," which "deprives plaintiffs of standing to sue defendants"); McCabe, 811 F.2d at 1339 (affirming finding of fraudulent joinder in wrongful discharge action where non-diverse defendants had acted in managerial capacity and California law privileges any conduct in which "an advisor is motivated in part by a desire to benefit his principal") (citing Los Angeles Airways, Inc. v. Davis, 687 F.2d 321, 328 (9th Cir. 1982)); Maffei v. Allstate California Ins. Co., 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (dismissing claims against non-diverse corporate defendant where evidence showed that defendant "has never conducted any business of any kind anywhere, has never been capitalized, has never had any assets, . . . has never had any employees, offices, or operations of any kind, . . . [and] in short, . . . is nothing more than an empty corporate shell created in anticipation of a business plan that was never carried out.") (internal quotations omitted); Brown

4

v. Allstate Ins. Co., 17 F. Supp. 2d 1134, 1136-37 (S.D. Cal. 1998) (dismissing claims against non-diverse individual defendants where defendants were named in complaint caption and headings but "no material allegations against these defendants are made" and defendants' names were entirely absent from "the body of the complaint [due to] a typographical error"); Gasnik v. State Farm Ins. Co., 825 F. Supp. 245, 249 (E.D. Cal. 1992) (dismissing claims against non-diverse insurance agents where state statute, case law, and parties' express contractual agreement established that insurance company accepted responsibility for the defendant agents' activities) (citing Lippert v. Bailey, 241 Cal. App. 2d 376, 382 (1966); Cal. Labor Code § 2802)); Zoqbi v. Federated Dept. Store, 767 F. Supp. 1037, 1041-42 (C.D. Cal. 1991) (dismissing claims for breach of employment contract against non-diverse individual defendants, as defendants were plaintiff's managers and were not even parties to the employment contract).

Basic "principles of comity and federalism," as well as the ever-important consideration of judicial economy, counsel that fraudulent joinder should not provide defendants with a "broad[] license to escape from state court." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 576 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005); see also Albi v. Street & Smith Publications, 140 F.2d 310, 312 (9th Cir. 1944) ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court.").

//

//

## III. ANALYSIS

In the present case, Plaintiff's Complaint alleges facts regarding the conduct of Defendants Kort and Wassem as well as CVS. According to the Complaint, Kort and Wassem violated the Fair Employment and Housing Act ("FEHA") by willfully and intentionally engaging in a course of conduct designed to harass and intimidate Plaintiff by creating a hostile work environment. Defendant asserts that FEHA does not apply to Kort and Wassem. According to Janken v. G.M. Hughes Elecs., 46 Cal.App. 4th 55, 62 (1996), individual supervisory employees do not risk personal liability for discrimination whenever they perform the job of making personnel decisions, but they do risk liability for harassment. Defendant argues that Kort and Wassem were solely making personnel decisions and thus must be excluded from liability, so they are sham defendants.

Plaintiff's claims against Kort and Wassem do not "obviously" fail to state a claim "according to the settled rules of the state." McCabe, 811 F.2d at 1339. The Janken court explicitly noted "that liability for harassment, which extends to 'any person and hence extends to 'individuals,' encompasses individual supervisory employees." Janken, 46 Cal.App.4th at 65. Plaintiff here alleges exactly this sort of harassment in her second cause of action. (Complaint at 8). She supports her contentions with specific examples of harassment, alleging that she "was continually forced to work a great number of late night shifts;" "was constantly being assigned to the weekend shifts;" that Wassem "became very agitated and aggressive toward her" in a private meeting that he called with her; that Kort "pressured Plaintiff until

she eventually dropped her Worker's Compensation claim;" and that they fabricated a violation to get her fired. (Complaint ¶¶ 15, 17, 21, 23-24). If these allegations are credited, Kort and Wassem could be liable for harassment.

Parties may not expand federal jurisdiction beyond its statutory boundaries by using fraudulent joinder-based removal as a replacement for the state court demurrer. When there are multiple defendants and the plaintiff's complaint states factually similar allegations against all of the defendants, a finding of fraudulent joinder is necessarily intertwined with the substantive merits of the various causes of action. In such a case, "there is no improper joinder; there is only a lawsuit lacking in merit. . . . In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such." Smallwood, 385 F.3d at 574; see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044-45 (9th Cir. 2009) (quoting at length and agreeing with Smallwood). In such a case, a finding of fraudulent joinder "effectively decide[s] the entire case." Smallwood, 385 F.3d at 571; see also Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) (reversing district court where "the district court, in the guise of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into a decision on the merits.") In the case at hand, a finding of fraudulent joinder would be intertwined with the substantive merits of Plaintiff's case and would overstep this Court's role in examining the threshold jurisdictional issue. Even if Plaintiff's claims against Defendants Kort and Wassem ultimately fail, it is not "obvious" and "settled" under California law that either individual is a sham defendant who was

7

1  fraudulently joined. Accordingly, this Court cannot exercise
2  jurisdiction over this dispute, as there is not complete diversity –
3  Plaintiff, Defendant Kort, and Defendant Wassem are all citizens of
4  California. See 28 U.S.C. § 1332(a)(1).
5      For the foregoing reasons, the Court ORDERS that the action be
6  REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

9      IT IS SO ORDERED.

12 DATED:   January 20, 2011

                                    STEPHEN V. WILSON
                                UNITED STATES DISTRICT JUDGE